In re Howland, a Minor.

(No. 148—Decided October 3, 1961.)

*Messrs. Hapner & Hapner*, for appellant Florence Worcester.

*Mr. Eugene A. Hahne* and *Mr. Robert L. Brubaker,* for appellee Nellie Rawlinson.

Collier, J. Florence Worcester brought this action in habeas corpus in the Common Pleas Court of Highland County, alleging that she is the mother of Michael Glen Howland and that such child is illegally restrained of his liberty by the respondent, Nellie Rawlinson.

The respondent answered admitting that the child was in her custody and alleging that at or about the time of the birth of the child the petitioner and her husband brought the child to her home; that the petitioner at that time transferred the care, custody and possession of the child to the respondent; and that the petitioner renounced and abandoned her rights as a parent to the custody and possession of the child.

After a hearing, judgment was entered dismissing the petition, from which judgment an appeal on questions of law has been perfected to this court.

The record discloses that on April 25, 1959, in Common Pleas Court, Highland County, Ohio, the petitioner was granted an uncontested divorce from George Howland, the father of Michael who was born August 15, 1958, and that in the divorce decree the petitioner in the case at bar was given the custody of

Michael and Kathryn C., another minor child of the parties to the divorce action. This raises the question whether an action in habeas corpus will lie to determine the rights of custody or possession of such child, or whether such question may be determined only in the action for divorce. A great portion of the lengthy briefs in this case has been given to that question. There has been much litigation on this subject in the lower courts of Ohio and different factual situations have given rise to, what appears to be, considerable conflict in the decisions. However, so far as this appellate district is concerned, the rule was established in 1924 by the much revered Judge Mauck in the case of *Weiss* v. *Fite*, 19 Ohio App., 309, an Adams County case. In that case, the petitioner, the mother of the children, relying upon a court order giving her the custody of them, brought the action in habeas corpus against the paternal grandfather who had possession of the children. Paragraph one of the syllabus of the *Weiss case* reads:

"The decree of a court in a divorce case awarding the custody of children is conclusive only of the rights of the parties thereto and not of the rights of the children."

In the opinion, on page 311, Judge Mauck says:

"The rule that in divorce cases the court has jurisdiction to award the custody of the children, and that this jurisdiction is continuing, can not be questioned. Such decree, however, is conclusive in a limited way only."

The rationale of that decision is that an award of custody made in a divorce case is conclusive only as to the parties thereto; that a habeas corpus proceeding is an available remedy where a party other than the parties to the divorce case is involved; that in such situation it is not necessary to apply to the court that originally awarded the custody; and that such proceeding is of an equitable nature and the court is bound to ascertain what custody is best for the child and award custody accordingly.

We know of no decision of the Supreme Court of Ohio pronouncing a different view and, therefore, we hold that the action for a writ of habeas corpus was properly brought and that the Court of Common Pleas had authority to hear and determine the matter.

The only other question to be determined is whether the

judgment is against the weight of the evidence. This necessarily involves a consideration of the evidence. We have carefully examined the record and find the testimony of the witnesses very much in conflict. About the only undisputed fact is that the child had been in the possession of the respondent continuously since he was a few days old. The petitioner claims she simply arranged for the respondent to board and care for the child with no intention of relinquishing her parental rights to the child. The respondent says that the petitioner told her before the child was born that she did not want the child and asked respondent to take the child. Respondent's testimony is corroborated by a number of witnesses, including the father of the child. We do not consider it necessary to attempt an analysis of all the testimony. Suffice it to say that the evidence is sufficient to support the judgment of the trial court, based upon the evidence establishing abandonment of the child by the petitioner. A reviewing court will set aside a judgment on the weight of the evidence only when the record clearly shows serious mistakes and misapprehension of the facts. The judgment of the Common Pleas Court must be, and hereby is, affirmed.

*Judgment affirmed.*

RADCLIFF, P. J., concurs.
BROWN, J., dissents.